**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | **Criminal No.: 20-cr-00202 (DLF)** |
| **v.** | **:** | |
| | **:** | |
| **PASCALE CECILE VERONIQUE** | **:** | |
| **FERRIER,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully submits this memorandum in support of pretrial detention.

**A.  BACKGROUND**

On September 20, 2020, U.S. Magistrate Judge Robin M. Meriweather issued a warrant for

the arrest of defendant Pascale Cecile Veronique Ferrier in Case No. 20-mj-00184.

The affidavit in support of criminal complaint (Dkt No. 1) explained that the defendant

sent a threatening letter from Canada to the President of the United States at the White House in

Washington, D.C.   The letter (attached as Exhibit A) was reviewed by government personnel at

the White House Mail Sorting Facility on around September 18, 2020.   The defendant's letter

contained a white, powdery substance that later tested positive for ricin, a highly toxic material.

The text of the letter referred to the President as an "Ugly Tyrant Clown," and instructed him to

"[g]ive up and remove your application for this election."   The letter referred to the toxic ricin as

a "Special Gift . . . for you [the President] to make a decision."   The letter included threats of

additional violence to come: "If it doesn't work, I'll find a better recipe for another poison, or I

might use my gun when I'll be able to come."   The letter was signed "Free Rebel Spirit."   (Dkt

1

No. 1 at 2; Exhibit A).

The defendant sent eight additional letters in September 2020 from Canada to government officials in Texas located at penitentiaries and detention facilities where she had been detained for a period of time last year.   (Two of these letters were identified after submission of the affidavit in support of criminal complaint.)   An example of a letter sent to Texas is attached as Exhibit B. The Texas letters included threatening language similar to the White House letter ("special gift," promises of future violence including poison and use of firearms), and each contained a substance that tested positive for ricin.

On September 20, 2020 (prior to the arrest warrant being issued), the defendant drove her car from Canada to the Peace Bridge border crossing in Buffalo, New York.   An officer with the Customs and Border ("CBP") asked whether she was okay, and the defendant replied that she was wanted by the FBI for the ricin letters.   The defendant was in possession of a loaded firearm (Exhibit C), hundreds of rounds of ammunition (Exhibit D), two knives (Exhibit E), a stun gun (Exhibit F), pepper spray (Exhibit G), and a truncheon (Exhibit H).   The defendant also possessed, among other things, a false identification card purportedly issued by the State of Texas, with her photograph but false information including name, date of birth, and address (Exhibit I). The defendant was placed under arrest that same day.

The defendant had been arrested in 2019 in Texas for unlawfully carrying a firearm, and she was in possession of similar items at that time including another firearm, ammunition, and a ballistic shield (Exhibit J).   When arrested in 2019, the defendant also had a false Texas identification card, which was retained by the law enforcement in Texas and not returned to her (Exhibit K).

2

The defendant was presented to a U.S. Magistrate Judge in the Western District of New York for an initial appearance on September 22, 2020, in Case No. 20-mj-153 (W.D.N.Y.).   On that date, the government moved for pretrial detention, and a combined detention, preliminary, and identity hearing was scheduled for September 28, 2020.   (Exhibit L, Minute Order, September 22, 2020).

On September 24, 2020, the federal grand jury in the District of Columbia returned a one-count indictment charging the defendant with violating 18 U.S.C. Section 871(a) (Threatening to Kill and Injure the President of the United States) (Dkt No. 2).

On September 28, 2020, in the Western District of New York, the defendant waived her right to an identity hearing and pleaded not guilty to the indictment.   The Magistrate Judge in the Western District of New York then conducted a detention hearing with evidence and argument presented by both parties (transcript attached as Exhibit M).   The Magistrate Judge in the Western District of New York considered each of the factors listed in 18 U.S.C. Section 3142(g) before concluding: (1) "there is clear and convincing evidence, that the defendant does constitute a continuing danger to the President of the United States, as well as to members of the community, which would include those in Texas that she has allegedly threatened, as well as anybody else within the confines of the United States"; and (2) "there is also a preponderance of the evidence to find probable cause that she is a risk of flight by reason of the false identity documentation and her lack of citizenship in this country."   (Exhibit M at 40).   Consequently, the Magistrate Judge stated that he was "granting the government's motion [for detention], and hereby order[ing] her detained and remanded to the custody of the United States Marshals Service for the purpose of transporting her as soon as reasonably possible to the District of Columbia . . .".   (*Id*. at 41).   The

3

Magistrate Judge expressly stated that he was "reserving the defendant's right to renew her claim

for consideration of bail, and any other rights that she wishes to put forward at the time of her

appearance in the district."   (*Id*. at 41).   (It is clear from the transcript that the Magistrate Judge

in the Western District of New York conducted a full detention hearing with consideration of all

the various Section 3142(g) factors, and that the court never envisioned a second detention hearing.

The government agrees that the defendant may "renew her claim for consideration of bail" by

filing a motion for reconsideration with the district court judge, which she has not done.)

The United States Marshals Service transported the defendant from New York, and she

arrived at the Northern Neck Regional Jail in Warsaw, Virginia, on October 28, 2020.

**B.  ARGUMENTS FOR DETENTION**

There has already been an extensive detention hearing in the Western District of New York.

The defendant had fulsome legal representation.   Both parties presented evidence and legal

argument (Exhibit M at 8-31), and the Magistrate Judge presiding over the hearing carefully

considered the Section 3142(g) factors in making the detention decision (*id*. at 31-41).   There is

no reason that there should be a second detention hearing now, particularly when the defendant

has not presented any new developments to justify reconsideration and has not asked for

reconsideration, and where the decision of the Magistrate Judge in the Western District of New

York was free of legal or factual errors.   There is also no reason why a full consideration of the

Section 3142(g) factors in the context of a detention decision should be considered limited to only

the transportation of a defendant from one district to another, as counsel for the defendant seemed

to suggest at a brief hearing held on October 29, 2020.

Pretrial detention is necessary to ensure the safety of people and the community, and the

4

appearance of the defendant as required.    18 U.S.C. Section 3142(f).

The nature and circumstances of the offense include that the defendant is charged with a crime of violence (threatened use of force by poison and firearm), and took serious steps to carry out her threats.    These concrete steps included mailing a toxic substance to the White House and to government officials in Texas, and driving her car to the Peace Bridge to enter the United States armed with numerous weapons and a false identification document.    Canadian laboratory results confirmed the presence of ricin on samples taken from a mortar and pestle seized from the defendant's residence in Canada.    The defendant made serious threats to numerous people in the United States, and clearly intended to carry out those threats.

The weight of the evidence is strong, as set forth in the affidavit in support of arrest (Dkt No. 1) and the fact that the grand jury determined there is probable cause that the defendant committed the alleged crime of violence.    An FBI forensic handwriting analyst has determined that the defendant's hand wrote the threatening letters to the White House and the government officials in Texas (based on a comparison to a known handwriting sample of the defendant from her time detained last year in Texas), and her fingerprints were identified on the Texas letters (usable prints were not available on the White House letter).    The letters used similar language, reminiscent of social media posts made in September 2020 from the defendant's Twitter account (attached as Exhibit N).    The defendant's residence in Canada contained ricin on a mortar and pestle.    And the defendant made incriminating admissions at the Peace Bridge that she was wanted by the FBI for the ricin letter.    This adds up to overwhelming evidence of guilt.

The defendant has a deeply concerning history and characteristics that raise grave risk that she would endanger the community and flee if released.    She is not a U.S. citizen and has no

5

status here, and she is a citizen of two foreign countries to which she could flee.   She has a French passport that is not in the possession of law enforcement.   And she has a history of possessing false identification documents that could be used for nefarious ends and to evade law enforcement detection.   The defendant has a prior arrest in Texas (2019) for a weapons offense, and possessed a firearm, ammunition, other weapons, and a false identification document at that time.   The defendant sought vengeance on the government officials who detained her lawfully last year, by sending them threatening letters and poison.   It appears that she has few if any family or community ties in the United States, and none in this jurisdiction.

In the end, this is a defendant with access to firearms, false identification documents, dangerous chemicals, and a foreign country passport, who has threatened and attempted grave acts of violence against government officials in the United States.   The nature and seriousness of the danger that she would pose if released cannot be overstated.   There are no conditions or combinations of conditions that would ensure the safety of the community and the defendant's appearance as required.

## C.  CONCLUSION

There is no basis or reason to hold another detention hearing, and pretrial detention is necessary to ensure the safety the community and the appearance of the defendant as required.


Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
New York Bar No. 4444188

By:       /MJF/
         MICHAEL FRIEDMAN
         Assistant United States Attorney
         New York Bar No. 4297461
         555 4th Street, N.W.
         Washington, D.C. 20530
         202-252-6765
         Michael.Friedman@usdoj.gov